IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-352-BO

| | | |
|---|---|---|
| DAVID DUANE LEWIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DAVID EARL KESTERSON, FIRST | ) | |
| BANK, NEXSEN PRUET, PLLC, M. JAY | ) | |
| DEVANEY, and BRIAN PEARCE, | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss and plaintiff's motion to strike defendants' motion to dismiss. The parties have filed their responses[1] and replies, and the matters are ripe for ruling. For the reasons discussed below, defendants' motion to dismiss is granted and plaintiff's motion to strike is denied.

BACKGROUND

Plaintiff filed this action *pro se* seeking preliminary and permanent injunctive relief as well as damages. Though the complaint is at times unclear and difficult to understand, plaintiff's claims all appear to arise from foreclosure proceedings in Brunswick County and a related proceeding in Montgomery County in which a deficiency judgment against plaintiff was obtained. Plaintiff has alleged in the instant case claims for violations of the Fair Debt Collection Practices Act, violations of the North Carolina Unfair and Deceptive Trade Practices Act, violations of the Racketeering Influenced and Corrupt Organizations Act, violation of the Hobbs Act, and intentional infliction of emotional and mental distress.

---

[1] The Court has construed plaintiff's motion to strike also as plaintiff's response in opposition to defendants' motion to dismiss. Because plaintiff has proffered no basis for striking defendant's motion, the motion to strike is denied.

## DISCUSSION

Defendants contend that this Court lacks subject matter jurisdiction to consider the instant complaint under both the application of *res judicata* as well as application of the *Rooker-Feldman* doctrine, and the Court agrees.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Under North Carolina law, applicable here in light of the two prior North Carolina state court judgments, *res judicata* "bars the relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F. 3d 284, 287 (4th Cir. 2008). In a filing entitled "Supplemental Complaint" filed in the deficiency action in Montgomery County, plaintiff asserted that First Bank had engaged in unfair and deceptive trade practices and fraud. Plaintiff's "Supplemental Complaint" was dismissed with prejudice [DE 14-4 at 55]. Accordingly, this Court is without jurisdiction to consider plaintiff's unfair and deceptive trade practices and fraud claims as they have already been raised in a prior proceeding. Moreover, the factual bases for plaintiff's remaining claims in the instant suit have already been raised by plaintiff in the deficiency proceeding. For example, in the instant complaint plaintiff contends that venue was improper in the deficiency action, Cmp. ¶ 22, and that Nexsen Pruet filed

2

the deficiency action as a willful and intentional violation of the Fair Debt Collections Practices Act, Cmp. ¶ 12; those same allegations were made in the Montgomery County deficiency action [DE 14-4 at 20; 22]. Insofar as plaintiff has alleged in the instant complaint claims relating to the state foreclosure and deficiency actions that were not specifically raised in those proceedings, those claims are also barred as *res judicata* prevents litigants from attempting to relitigate those claims that *could have been* brought, in addition to those claims that were actually litigated.

The doctrine of *res judicata* therefore prevents this Court from considering plaintiff's claims in the instant dispute. Nor can plaintiff gain judicial review in this Court of the state court judgments against him, as doing so would violate the *Rooker-Feldman* doctrine. *See Sartin*, 535 F.3d at 287 n.1 (*Rooker-Feldman* bars collateral attacks of state court judgment). *Rooker-Fedlman* also prevents lower federal courts from considering those claims that are "inextricably interwined" with the decisions of the state courts. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). All of plaintiff's claims raised in the instant complaint arise from and are inextricably intertwined with the underlying state court judgments; for example, plaintiff's claims that defendants bullied the state court into granting a deficiency judgment, Cmp. ¶ 17, and that defendants acted in concert to intentionally strip plaintiff of real estate assets, Cmp. ¶ 18, are necessarily intertwined with the underlying foreclosure and deficiency actions. For this Court to decide in plaintiff's favor on any of his claims, it would be required to determine that the state courts wrongly decided the issues before them, and this Court is barred from engaging in such review. *Plyer*, 129 F.3d at 731; *see also Squirek v. Law Offices of Sessoms & Rogers*, No. 1:02CV00040, 2003 WL 21026580 (M.D.N.C. May 5, 2003) (applying *Rooker-Feldman* to bar complaint by debtor-plaintiff which effectively challenged the prior state court proceedings

3

between the parties).

Finally, even construing plaintiff's *pro se* complaint liberally, and assuming that plaintiff has actually raised claims that he did not raise or have an opportunity to raise in the state court proceedings or that are not inextricably intertwined with the state court proceedings,[2] plaintiff has offered no more than conclusory statements and has failed to plead facially plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal of plaintiff's complaint both for lack of subject matter jurisdiction and for failure to state a claim is therefore appropriate. Fed. R. Civ. P. 12(b)(1), (6).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 13] is GRANTED and plaintiff's motion to strike [DE 19] is DENIED. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this ⟶ day of October, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2]In considering defendants' motion to dismiss under 12(b)(6), the Court has included in its review matters of public record relating to the two state court proceedings involving these parties, and in so doing has not converted the matter from a motion to dismiss to one for summary judgment. *See Norfolk Fed. Of Business Dist. v. City of Norfolk*, 103 F3d 119 (4th Cir. 1996) (unpublished table decision).

4